FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 17, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEYBANK NATIONAL ASSOCIATION, a national banking association,<br><br>     Plaintiff,<br><br>  v.<br><br>LEON R. BAKER FARMS, LLC, a Washington limited liability company; LEON R. BAKER and LORRAINE BAKER, husband and wife, individually, and the marital community composed thereof; JAMES LEON BAKER and LESLIE N. BAKER, husband and wife, individually, and the marital community composed thereof; REID T. BAKER and LORI J. BAKER, husband and wife, individually, and the marital community comprised thereof; and CHS, INC., a Minnesota cooperative corporation.<br><br>     Defendants. | NO: 2:17-CV-197-RMP<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT |

ORDER GRANTING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT ~ 1

BEFORE THE COURT are Plaintiff's Motions for Summary Judgment, ECF Nos. 48, 52, and 56, against Defendants Leon R. Baker Farms, LLC, Leon R. Baker and Lorraine Baker; Defendants James Leon Baker and Leslie N. Baker; and Defendants Reid T. Baker and Lori J. Baker (collectively, "the Defendants"). The Court has reviewed the pleadings, has considered the record, and is fully informed.

Plaintiff Keybank National Association ("Keybank") filed this lawsuit against Defendants and Defendant CHS, Inc., alleging claims for Defendants' alleged breach of promissory note, the turnover of Defendants' 2015 crop proceeds, and Defendants' failure to provide accounting records, and seeking a declaratory judgment regarding the priority of liens in crop proceeds as to Defendant CHS, Inc. ECF No. 1 at 15-24. Defendant CHS, Inc., answered Keybank's complaint, and filed a counterclaim against Keybank, as well as cross-claims against Defendants, and third-party claims against Defendants Jordan J. Baker and Allison Baker. ECF No. 30 at 40-41.

Keybank, Defendants, and Defendant CHS, Inc., then agreed to dismiss Keybank's claims as to the turnover of Defendants' 2015 crop proceeds, and Defendants' failure to provide accounting records. ECF No. 44. They also agreed to dismiss the claim against Defendant CHS, Inc., seeking a declaratory judgment regarding the priority of liens in crop proceeds, and to dismiss Defendant CHS, Inc.'s counterclaim against Keybank. *Id.* Accordingly, the Court dismissed all but three of Keybank's claims in this matter. *See* ECF Nos. 45 and 46. Defendant's

ORDER GRANTING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT ~ 2

CHS, Inc.'s cross-claims and third-party complaint also remain. *See* ECF No. 30 at 40-48.

Keybank moves for summary judgment against Defendants regarding its claims for Defendants' alleged breach of promissory note. *See* ECF Nos. 48, 52, and 56. Defendants have not responded to Keybank's motions.

*Jurisdiction*

The Court has subject matter jurisdiction over this matter pursuant 28 U.S.C. § 1332 based on the diversity of the parties and the amount in controversy. Plaintiff Keybank is a banking association organized under the laws of the United States, with its principal place of business and main office in Cleveland, Ohio. ECF No. 1 at 2. Defendant Leon R. Baker Farms, LLC, is a limited liability company organized under the laws of Washington, with its principal place of business in Grant County, Washington. *Id.* Defendants Leon R. Baker and Lorraine Baker are residents of the state of Washington. *Id.* Defendants James Leon Baker and Leslie N. Baker are residents of the state of Washington. *Id.* Defendants Reid T. Baker and Lori J. Baker are residents of the state of Washington. *Id.* at 2-3. Defendant CHS, Inc., is a cooperative corporation incorporated in the state of Minnesota. *Id.* at 3. The amount in controversy is not less than $2 million, which exceeds the statutory requirement of $75,000. *Id.* at 25-27.

*Legal Standard for Summary Judgment*

A court may grant summary judgment where "there is no genuine dispute as to any material fact" of a party's prima facie case, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-33 (1986); *see also* Fed. R. Civ. P. 56(c). A genuine issue of material fact exists if sufficient evidence supports the claimed factual dispute, requiring "a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). "A key purpose of summary judgment 'is to isolate and dispose of factually unsupported claims.'" *Id.* (citing *Celotex*, 477 U.S at 324).

Here, Keybank moves the Court to find that summary judgment is proper regarding its claims for Defendants' alleged breach of promissory notes. ECF Nos. 48, 52, and 56. To recover on Defendants' promissory notes, Keybank asserts that it must prove: (1) the existence of the note; (2) that Defendants executed the note; (3) that Keybank is the holder of the note; (4) that Keybank performed its duties under the note; (5) breach of the note by the Defendants; and (6) that a certain balance is due and owing on the note. ECF No. 48 at 7; ECF No. 52 at 7; ECF No. 56 at 7. Keybank argues that none of these elements is in dispute, and provides documents in the record to support its argument.

Defendants have not responded to Keybank's motions for summary judgment. Pursuant to Local Rule ("LR") 7.1(b)(2)(B), a response must be filed within 21 days

after the filing of a dispositive motion. "The failure to comply with the requirements of LR 7.1(a) or (b) may be deemed consent to the entry of an Order adverse to the party who violates these rules." LR 7.1(d).

Keybank filed its motion for summary judgment against Defendants Leon R. Baker Farms, LLC, Leon R. Baker and Lorraine Baker on June 8, 2018; against Defendants Reid T. Baker and Lori J. Baker on June 11, 2018, and against Defendants James Leon Baker and Leslie N. Baker on June 12, 2018. Keybank mistakenly argues that the deadlines for Defendants to file their responses were July 27, 2018; July 30, 2018; and July 31, 2018, respectively. ECF No. 61 at 3. Instead, the Court finds that, to file timely responses, Defendants' responses were due June 29, 2018; July 2, 2018, and July 3, 2018, respectively. The record shows that Defendants have failed to file any responses to Keybank's motions for summary judgment.

Because the Court finds that Defendants have failed to respond, and the Court finds no genuine dispute as to the material facts asserted in Keybank's pleadings, the Court finds that summary judgment against Defendants is appropriate, and grants Keybank's summary judgment motions.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 48**, is **GRANTED**.
2. Plaintiff's Motion for Summary Judgment, **ECF No. 52**, is **GRANTED**.
3. Plaintiff's Motion for Summary Judgment, **ECF No. 56**, is **GRANTED**.

ORDER GRANTING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT ~ 5

4. Judgment shall be entered for **Plaintiff**.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, enter judgment for **Plaintiff**, and provide copies to counsel.

**DATED** August 17, 2018.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge